RECEIVED

DEC 3 0 2013

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE: DAVID SALLEY

CIVIL ACTION NO: 12-2681

DONALD E. WALTER

MAGISTRATE JUDGE HAYES

## MEMORANDUM ORDER

Before the Court is a Motion to Assess and Award Sanctions [Doc. #533] filed by Hollybrook Cottonseed Processing, LLC ("Hollybrook"). Attorney David Salley opposes the motion [Doc. #536] and requests oral argument on the matter [Doc. #535]. For the reasons assigned herein, Hollybrook's motion is hereby **GRANTED**. Mr. Salley's motion for oral argument is **DENIED**.

The above captioned matter arises from the related case *Hollybrook Cottonseed Processing, LLC v. Carver, Inc. et al*, No.09-cv-0750 (W.D. La.). Mr. Salley was acting as counsel for American Guarantee & Liability Insurance Co. ("AGLIC"), the excess insurer for Carver, Inc., and the last remaining defendant in the related matter. During the course of the trial Judge Elizabeth Erny Foote determined that Mr. Salley intentionally violated the Court's prior December 30, 2010 in Limine Order, and that pursuant to the Court's inherent power and Rule 16(f) sanctions were appropriate.[1] [Doc. #508]. The violation was so serious that it resulted in the Court granting Hollybrook a new trial on the issue of damages only. *Id.* Judge Foote set a hearing to determine the amount of Mr. Salley's sanction. *Id.* Thereafter, the Court requested that counsel for Hollybrook and AGLIC meet and attempt to estimate the cost of a six day jury trial, which could potentially be

---

[1] In the same order Judge Foote determined that sanctions would not be levied against Mr. Salley's law firm – Salley, Hite, Mercer, & Reason, LLC.

used as the basis for the sanction award against Mr. Salley, and notify the Court of the outcome of the conference. [Doc. #513].[2] By letter dated May 29, 2012, the parties advised the Court that they had "jointly decided that it would be in everyone's best interest if the Court were to allow us to provide facts and figures on the cost of the second trial after the trial has taken place." [Doc. #518].[3] Judge Foote considered the request and agreed that the determination of the appropriate sanction should occur after the second trial on the issue of damages. [Doc. #531]. In the same order Judge Foote found that in the interest of judicial economy and fairness, the sanctions portion of the case should be severed and given its own case number. Thereafter, on October 23, 2012, Judge Foote issued an order recusing herself pursuant to 28 U.S.C. § 455 after a conflict of interest was noted. On October 30, 2012, the undersigned was appointed to both cases – sanctions and damages. [Doc. #537].

The second trial as to damages only is now complete. Hollybrook moves the Court to assess and award sanctions in the amount of $172,979.81, the total amount of costs and expenses allegedly incurred and paid by Hollybrook in preparation for and in conducting the second trial. Mr. Salley responds by requesting that this Court revise, rescind, or modify Judge Foote's March 22, 2012 Memorandum Order to correct alleged errors of law, which Mr. Salley contends make any imposition of sanctions against him unjust. The undersigned declines to alter Judge Foote's ruling on this matter. As the presiding judge when the sanctionable conduct occurred, Judge Foote was in the best position to consider the gravity of the conduct and the evidence in the record to support her

---

[2] On April 20, 2012, the court granted a motion by AGLIC to substitute new counsel in place of Mr. Salley and his law firm. [Doc. #511].

[3] Mr. Salley states that he never agreed that the sanction order was appropriate, much less that the amount of the sanction should be equivalent to the cost of the new trial. [Doc. #527].

2

conclusion.

The only issue the undersigned will determine is the amount of the sanction award against Mr. Salley. The district court has broad discretion in the assessment of damages in a civil contempt proceeding. *American Airlines, Inc. v. Allied Pilots Ass'n*, 288 F.3d 574, 585 (5th Cir. 2000). The purpose of a civil sanction is to compensate for the damages sustained. *Id.*

The Court hereby orders Mr. David Salley to pay $50,000.00 in civil contempt sanctions to Hollybrook Cottonseed Processing, LLC, as compensation for the losses it incurred as a direct result of Mr. Salley's violation of the Court's December 30, 2010 in Limine Order. The Court arrives as this amount after considering Hollybrook's success in the first trial regarding redhibition, the relative complexity of the second trial regarding damages, and the seriousness of Mr. Salley's violation.

**THUS DONE AND SIGNED,** this 27 day of December, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE